AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2015 OCT 14  AM 9:39

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES OF AMERICA

**v.**

DAVID ARTHUR (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 14CR2264-BEN

JEREMY NEIL GOLDMAN

Defendant's Attorney

**REGISTRATION NO.** 42278298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) 1 OF THE INFORMATION.

☐ was found guilty on count(s)_____
   after a plea of not guilty.
   Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 331(a), 333(a)(2), and 351(f) | INTRODUCTION INTO INTERSTATE COMMERCE OF UNAPPROVED MEDICAL DEVICES | 1 |

The defendant is sentenced as provided in pages 2 through ____8____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is ☐  are ☐  dismissed on the motion of the United States.

☒ Assessment: $100.00 forthwith or through the IFRP at the rate of not less than $25.00 per quarter during the period of incarceration, with any balance due to be paid at the rate of not less than $100.00 per month, commencing within sixty (60) days of release from imprisonment.

☐ Fine waived            ☒ Forfeiture pursuant to order filed ___OCTOBER 1, 2015___ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

OCTOBER 5, 2015

Date of Imposition of Sentence

HON. ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE

14CR2264-BEN

AO 245B (CASD) (Rev. 12/11)  Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT: DAVID ARTHUR (1)
CASE NUMBER: 14CR2264-BEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
EIGHTEEN (18) MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
DEFENDANT BE INCARCERATED WITHIN THE WESTERN REGION OF THE UNITED STATES.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ before 5:00PM ON NOVEMBER 13, 2015.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

14CR2264-BEN

AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 8 |

DEFENDANT: DAVID ARTHUR (1)
CASE NUMBER: **14CR2264-BEN**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

ONE (1) YEAR.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than   4   drug tests per month during the term of supervision, unless otherwise ordered by court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**14CR2264-BEN**

AO 245B (CASD) (Rev. 12/11 Judgment in a Criminal Case
Sheet 4 — Special Conditions

DEFENDANT: DAVID ARTHUR (1)
CASE NUMBER: **14CR2264-BEN**

Judgment—Page ___4___ of ___8___

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter or reside in the Republic of Mexico without written permission of the Court or probation officer.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission.  The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☒ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within          days.

☐ Complete          hours of community service in a program approved by the probation officer within

☒ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of  SIX (6) MONTHS.

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. Is required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐

**14CR2264-BEN**

AO 245S     Judgment in Criminal Case
            Sheet 5 — Criminal Monetary Penalties

DEFENDANT: DAVID ARTHUR (1)
CASE NUMBER: 14CR2264-BEN

Judgment — Page __4__ of __8__

## FINE

The defendant shall pay a fine in the amount of _____ $3,000.00 _____ unto the United States of America.

This sum shall be paid  ____  immediately.
                         __x__  as follows:

$100.00 forthwith or through the IFRP at the rate of not less than $25.00 per quarter during the period of incarceration, with any balance due to be paid at the rate of not less than $100.00 per month, commencing within sixty (60) days of release from imprisonment.

The Court has determined that the defendant __does__ have the ability to pay interest.  It is ordered that:

__x__  The interest requirement is waived.

____  The interest is modified as follows:

14CR2264-BEN

FILED

OCT 0 1 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    acc    DEPUTY

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              Case No.  14cr2264-BEN

11              Plaintiff,                  ORDER OF CRIMINAL
                                            FORFEITURE
12        v.

13   DAVID ARTHUR,

14              Defendant.

15

16        WHEREAS, in the Information in the above-captioned case, the United States

17   sought forfeiture against Defendant, DAVID ARTHUR ("Defendant") in the form of

18   a money judgment in the amount of $30,000, pursuant to 21 U.S.C. §§ 334 and 853

19   and 28 U.S.C. § 2461(c), as a substitute asset for the medical devices adulterated in

20   violation of 21 U.S.C. §§ 331, as charged in the Information; and

21        WHEREAS, on or about August 12, 2014, Defendant pled guilty before

22   Magistrate Judge David H. Bartick to the Information, which plea included a consent

23   to the forfeiture allegation of the Information, an agreement to entry of a $30,000

24   judgment against the Defendant in favor of the United States, and an agreement to

25   pay the $30,000 to the United States no later than one week before sentencing; and

26        WHEREAS, on August 28, 2014, this Court accepted the guilty plea of

27   Defendant; and

28   //

1      WHEREAS, the Defendant has paid the United States the $30,000 pursuant to
2 the terms of the Plea Agreement; and

3      WHEREAS, by virtue of the admissions of the Defendant set out in the plea
4 agreement and guilty plea, the Court determined that $30,000.00 (U.S. dollars)
5 represents the value of the quantities of devices which were adulterated in violation
6 of 21 U.S.C. § 331, and subject to forfeiture to the United States pursuant to
7 21 U.S.C. § 334(a)(2)(D) and 28 U.S.C. § 2461(c), as charged in the Information; and

8      WHEREAS, by virtue of said guilty plea and the Court's findings, the
9 United States is now entitled to an Order of Forfeiture and a judgment in its favor
10 against the Defendant in the amount of $30,000.00, pursuant to 21 U.S.C.
11 § 334(a)(2)(D), 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of
12 Criminal Procedure; and

13      WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
14 addendum, the United States has established the requisite nexus between the
15 $30,000.00 judgment and the offense; and

16      WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required
17 to the extent that the forfeiture consists of a money judgment;" and

18      WHEREAS, the United States, having submitted the Order herein to the
19 Defendant through his attorney of record, to review, and no objections having been
20 received;

21      Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

22      1.    Judgment shall be entered in favor of the United States against
23 Defendant DAVID ARTHUR in the amount of $30,000.00 pursuant to 21 U.S.C.
24 § 334(a)(2)(D) and 28 U.S.C. § 2461(c);

25      2.    Defendant DAVID ARTHUR has paid in full this judgment; and

26 //
27 //
28 //

- 2 -                                14cr2264-BEN

1    3.    Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final

2    as to the Defendant at the time of sentencing and is part of the sentence and included

3    in the judgment.

4

5    IT IS SO ORDERED.

6    DATED:

7    9/30/15

8    HONORABLE ROGER T. BENITEZ
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28